# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2011

No. 10-51209
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO ROSALES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-115-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Francisco Rosales pled guilty in the United States District Court for the Western District of Texas to a conspiracy to distribute methamphetamine. He was sentenced to 288 months imprisonment and ten years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51209

Rosales waived his right to appeal, with certain exceptions. His retained counsel filed a notice of appeal at Rosales's request and also moved to withdraw. He was allowed to withdraw and new counsel was appointed. That attorney filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). The brief states the government will seek to enforce the appeal waiver. Rosales filed a response to the *Anders* brief.

Having reviewed the *Anders* brief, Rosales's response, and the record, we agree with counsel that Rosales has no non-frivolous issues to present on appeal. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities in this case, and the APPEAL IS DISMISSED. *See* 5th Cir. R. 42.2.

The record, though, reflects a clerical error in the judgment. Where there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls. *See United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). At sentencing, the district judge orally advised Rosales that during the period of supervised release "[y]ou shall not travel south of Interstate 10 in the state of California, nor shall you travel in the District of – the Tucson Division of the District of Arizona; Las Cruces Division of the District of New Mexico; or the El Paso, Pecos, or Del Rio Divisions of the Western District of Texas without permission of your probation officer."

The language of the written judgment is slightly different. It states that Rosales "shall not be permitted to travel or reside in the Pecos, Del Rio, or El Paso Divisions of the Western District of Texas, or South of I-10 in California, Tucson, Arizona, or Las Cruces, New Mexico, during the term of supervision." The judgment does not but should reflect the probation officer's ability to provide permission to travel as stated at sentencing. Clerical errors such as this may be corrected by the district court. *See* Fed. R. Crim. P. 36.

We REMAND for a correction of the judgment.