# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10397
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

RICHARD REED MCDANIEL,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CR-107-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Richard McDaniel pleaded guilty, pursuant to a written plea agreement,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of conspiring to possess and utter counterfeit securities in violation of 18 U.S.C. §§ 371 and 513(a) and was sentenced within the sentencing guidelines to thirty-seven months of imprisonment and a three-year term of supervised release ("SR").  McDaniel waived the right to appeal his conviction and sentence and to challenge his conviction or sentence in any collateral proceeding, reserving only the right to appeal a punishment in excess of the statutory maximum and to raise a claim based on ineffective assistance of counsel.

McDaniel does not attack his conviction or sentence on appeal but argues only that the written judgment should be reformed because it contains a special condition of SR that was not pronounced at sentencing.  He also claims that his challenge is not barred by the appeal waiver; he raises no challenge to the validity of the waiver.

At sentencing, the court pronounced several special conditions of SR, including that McDaniel "shall participate in a program approved by the United States Probation Office for the treatment of narcotic, drug, or alcohol dependency."  McDaniel did not object to that condition and does not challenge it on appeal.  The written judgment correctly reflects that one of the special conditions of SR is that McDaniel "participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency"; the written judgment adds "which will include testing for the detection of substance use or abuse."  It is the addition of that language that, McDaniel maintains, creates a conflict with the oral judgment.

We disagree.  Although where a written judgment contains a condition of SR that was not in the oral pronouncement of sentence, the written judgment should be reformed by deleting the condition that was not orally pronounced, *United States v. Vega*, 332 F.3d 849, 852–53 (5th Cir. 2003), if the differences between the oral and written judgments "create merely an

ambiguity . . . we must look to the intent of the sentencing court, as evidenced in the record to determine the defendant's sentence," *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (internal quotation marks and citation omitted).

The record reflects that drug testing is both a special condition and a mandatory condition of SR.  The mandatory condition requires McDaniel to "submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer." Thus, the inclusion of the special drug-testing condition does not significantly broaden the restrictions or responsibilities of SR, so there is no conflict that warrants remand.  *See United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006)*; Vega*, 332 F.3d at 852−54.

Consequently, the appeal waiver applies.  *Cf. United States v. Rosales*, 448 F. App'x 466, 466−67 (5th Cir. 2011) (remanding for correction of a clerical error in the written judgment notwithstanding an enforceable appeal waiver). The judgment is AFFIRMED.