# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50230
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEROME MAURICE COLE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CR-208-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Jerome Maurice Cole has moved for leave to withdraw and has filed briefs in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Cole has filed a response, a supplemental response, a motion for extension of time to file a response, and a motion for leave to file a supplemental response. The record is not sufficiently developed to allow us to make a fair evaluation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50230

Cole's claims of ineffective assistance of counsel; we therefore decline to consider the claims without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Cole's motions for an extension of time to file a response and for leave to file a supplemental response are GRANTED. We have reviewed counsel's briefs and the relevant portions of the record reflected therein, as well as all of Cole's responses. In a prior order, we directed counsel to the issue of whether the conflict between the written judgment and oral pronouncement of special conditions of supervised release was barred by Cole's appeal waiver. In a supplemental brief, Cole's attorney notes our recent decision in *United States v. Higgins,* 739 F.3d 733 (5th Cir. 2014), *petition for cert. filed* (Apr. 9, 2014) (No. 13-9678) which resolves this issue adversely to Cole. Cole's attorney and Cole in his response to the *Anders* brief note their disagreement with *Higgins* and suggest it should be overruled en banc. We construe these statements as efforts to preserve this issue for further review. In light of *Higgins*, however, we enforce the appellate waiver. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED pursuant to the appeal waiver. *See* 5TH CIR. R. 42.2. Cole's motion for the appointment of alternate counsel is DENIED. *Cf. United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).

The record, however, reflects clerical errors in the written statement of reasons. In one instance, the written statement of reasons incorrectly states that Cole's criminal history category was II, although it correctly states in a different instance that Cole's criminal history category was III. The written statement of reasons also states that the guidelines sentence range was life imprisonment and that Cole was sentenced within the guidelines range despite the fact that Cole was sentenced to 480 months of imprisonment. It further

omits that the district court applied a three-level downward departure for the assistance Cole gave with a military court martial.  Accordingly, we REMAND for correction of the clerical errors in the written statement of reasons in accordance with Federal Rule of Criminal Procedure 36.  *See Higgins*, 739 F.3d at 739 n.16; *United States v. Rosales*, 448 F. App'x 466, 466-67 (5th Cir. 2011).