# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50213
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REYNALDO AGUIRRE, also known as Reynaldo Gutierrez Aguirre, also known as Felipe Aguirre, also known as Ray Aguirre, also known as Reynaldo Aruirre, also known as Reynaldo Aquirre,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-353-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Reynaldo Aguirre has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Aguirre has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.  Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED.  *See* 5TH CIR. R. 42.2.

The record, however, reflects a clerical error in the written judgment. Aguirre was charged with and pleaded guilty to conspiring to distribute 50 grams or more of methamphetamine.  However, the written judgment describes the offense as conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine.  Accordingly, we REMAND for correction of the clerical error in the written judgment in accordance with Federal Rule of Criminal Procedure 36.  *See United States v. Higgins*, 739 F.3d 733, 739 n.16 (5th Cir.), *cert. denied*, 134 S. Ct. 2319 (2014); *United States v. Pouncy*, 539 F. App'x 437, 438 (5th Cir. 2013); *United States v. Rosales*, 448 F. App'x 466, 466-67 (5th Cir. 2011).