# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10752
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM CLARK PERSCHMANN,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-378-1

Before DAVIS, JONES and GRAVES, Circuit Judges.

PER CURIAM:*

The attorney appointed to represent William Clark Perschmann has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Perschmann has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10752

appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

We note, however, that there is a clerical error in the written judgment, which reflects that Perschmann owes a total of $6591 in restitution and specifies that Capital One Bank is owed sums of $1070 and $2851, while Green Bank is owed $1590. These amounts do not add up to $6591. During sentencing, the district court imposed the same total amount of restitution, listed these three amounts, and also ordered Perschmann to pay restitution in the amount of $1080 to Woodforest National Bank. The omission of the amount owed to Woodforest National Bank from the written judgment is an apparent clerical error. Accordingly, we REMAND for correction of the clerical error in the written judgment in accordance with Federal Rule of Criminal Procedure 36. *See United States v. Higgins*, 739 F.3d 733, 739 n.16 (5th Cir.), *cert. denied*, 134 S. Ct. 2319 (2014); *United States v. Rosales*, 448 F. App'x 466, 466-67 (5th Cir. 2011).