UNITED STATES of America, Plaintiff–Appellee

v.

Alfredo ULLOA–OSORIO, Defendant–Appellant.

No. 15–20271
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 18, 2016.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Alfredo Ulloa–Osorio has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir.2011). Ulloa–Osorio has not filed a response.

We have reviewed counsel's brief and the relevant portions of the record re-

---

flected therein. Although counsel addresses the validity of Ulloa–Osorio's appeal waiver, counsel does not discuss the district court's compliance with Federal Rule of Criminal Procedure 11. An appeal waiver in the plea agreement does not waive the district court's compliance with Rule 11 or the need to brief this issue adequately in an *Anders* brief. *See United States v. Carreon–Ibarra*, 673 F.3d 358, 362 n. 3 (5th Cir.2012); *see also United States v. Brown*, 328 F.3d 787, 789–90 (5th Cir.2003). Nevertheless, our independent review confirms that the guilty plea was knowing and voluntary. We therefore concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

We note, however, that there is a clerical error in the written judgment. The Government agreed to dismiss any remaining counts of the indictment in exchange for Ulloa–Osorio's plea to Count One. At the sentencing hearing, the Government moved to dismiss Count Two, and the district court granted the dismissal. However, the judgment does not include the dismissal of Count Two, an apparent clerical error. Accordingly, we REMAND for correction of the clerical error in the written judgment in accordance with Federal Rule of Criminal Procedure 36. *See United States v. Higgins*, 739 F.3d 733, 739 n. 16 (5th Cir.2014); *United States v. Rosales*, 448 Fed.Appx. 466, 466–67 (5th Cir.2011).

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.