# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20382
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STACEY LAIR LEE-EASILEY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-88-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Stacey Lair Lee-Easiley has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Lee-Easiley has not filed a response.

We have reviewed counsel's brief and the relevant portions of the record reflected therein. Although counsel addresses the validity of Lee-Easiley's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal waiver, counsel does not discuss the district court's compliance with Federal Rule of Criminal Procedure 11. An appeal waiver in the plea agreement does not waive the district court's compliance with Rule 11 or the need to brief this issue adequately in an *Anders* brief. *See United States v. Carreon-Ibarra*, 673 F.3d 358, 362 n.3 (5th Cir. 2012); *see also United States v. Brown*, 328 F.3d 787, 789-90 (5th Cir. 2003). Nevertheless, our independent review confirms that the guilty plea was knowing and voluntary. We therefore concur in counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

Counsel suggests that the statement of special conditions of supervised release in Lee-Easiley's written judgment of conviction and sentence may contain a clerical error. The written judgment states: "If a fine or restitution amount has been imposed, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer." This language is nearly identical to that of the non-mandatory special condition found at U.S.S.G § 5D1.3(d)(2), but it omits a final conditional clause: "unless the defendant is in compliance with the payment schedule." Because the district court failed to orally pronounce this special condition, we cannot determine whether the omission was intentional or inadvertent.

A challenge to the conditions of supervised release in the written judgment is an appeal of the sentence and is thus generally precluded by the waiver of appeal. *United States v. Higgins*, 739 F.3d 733, 739 (5th Cir. 2014). However, a clerical error relating to the special conditions of supervised release is correctable under Federal Rule of Criminal Procedure 36. See FED. R. CRIM. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment."); *see also United States v. Rosales*,

No. 15-20382

448 F. App'x 466, 467 (5th Cir. 2011) (omission of a qualifying clause in the written judgment is a clerical error that may be corrected by the district court). If the omission of the conditional clause was a clerical error, Lee-Easiley may move the district court to correct the judgment.

The motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED.  *See* 5TH CIR. R. 42.2.