# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-41019
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER ANTONIE GRADANDOS, also known as Javi, also known as Javier Antonie Granados,

Defendant-Appellant

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-281-4

————

Before JOLLY, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Javier Antonie Gradandos has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Gradandos has not filed a response. We have reviewed counsel's brief and supplemental letter, along with the relevant portions of the record

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41019

reflected therein.  We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.  Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED.  *See* 5TH CIR. R. 42.2.

The record reflects a clerical error in the written judgment.  Although the judgment refers to the offense of conviction as conspiracy to possess with intent to *manufacture* and distribute methamphetamine, the body of the indictment and signed factual basis reflect that Gradandos pleaded guilty to conspiracy to possess with intent to distribute methamphetamine.  Accordingly, we REMAND for the limited purpose of correction of the clerical error in the written judgment in accordance with Federal Rule of Criminal Procedure 36.  *See United States v. Higgins*, 739 F.3d 733, 739 n.16 (5th Cir. 2014); *United States v. Rosales*, 448 F. App'x 466, 466-67 (5th Cir. 2011).