# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50669
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN MEJORADO GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-1442-3

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Adrian Mejorado Guerrero appeals his within-guidelines sentence imposed after he pleaded guilty, pursuant to a written plea agreement, to conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956. Without mentioning that his plea agreement contains a waiver of the right to appeal his sentence, Mejorado Guerrero contends that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court improperly calculated his applicable guidelines range. The Government seeks to enforce the appeal waiver.

We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). As demonstrated by the rearraignment transcript and by Mejorado Guerrero's signature on the plea agreement, he knowingly and voluntarily waived his appellate rights. Moreover, the Government complied with its duties under the plea agreement. *See United States v. Keresztury*, 293 F.3d 750, 755-57 (5th Cir. 2002). Therefore, the waiver is enforceable and applies here. *See Keele*, 755 F.3d at 754-55. In light of the enforceable appeal waiver, we DISMISS this appeal.

Counsel for Mejorado Guerrero is cautioned that pursuing an appeal contrary to a valid waiver is a needless waste of resources and could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

As a final matter, there is a clerical error in the written judgment, which incorrectly lists Mejorado Guerrero's statute of conviction as 18 U.S.C. § 956 instead of § 1956. Accordingly, we REMAND for the limited purpose of correcting the clerical error in the written judgment in accordance with Federal Rule of Criminal Procedure 36. *See United States v. Higgins*, 739 F.3d 733, 739 n.16 (5th Cir. 2014); *United States v. Rosales*, 448 F. App'x 466, 466-67 (5th Cir. 2011).