# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51092
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELANIE IVY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-153-5

Before REAVLEY, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

The attorney appointed to represent Melanie Ivy has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Ivy has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-51092

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

The judgment, however, contains a clerical error. When the written judgment conflicts with an oral pronouncement, the oral pronouncement controls. *See United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). At sentencing, the district judge orally advised Ivy that she "shall not travel in any state that borders Mexico without permission of your probation officer during the term of your supervised release." But the subsequent written judgment differs; it states that "[t]he Defendant shall not be permitted to reside or travel in any states that border with Mexico during the term of supervision." When "[t]he judgment does not but should reflect the probation officer's ability to provide permission to travel as stated at sentencing," the proper course is to remand because "[c]lerical errors such as this may be corrected by the district court." *United States v. Rosales*, 448 F. App'x 466, 467 (5th Cir. 2011) (per curiam) (citing Fed. R. Crim. P. 36).

We REMAND for a correction of the judgment.