# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-50475
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARL JOSEPH CAPPEL,

Defendant - Appellant

————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:15-CR-155-1

————

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2017

Lyle W. Cayce
Clerk

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Carl Joseph Cappel appeals the sentences imposed for his convictions of wire fraud and aggravated identity theft, in violation of 18 U.S.C. §§ 1343, 1028A. In doing so, he challenges the special condition of supervised release requiring he take all medication as directed by a medical doctor or psychiatrist. He contends the condition, while in the written judgment, conflicts with the oral pronouncement of sentence.

————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-50475

In his plea agreement, Cappel waived the right to appeal his conviction and sentence "on any ground, including . . . any challenges to the . . . term of supervision and conditions thereof". (He reserved only the right to appeal a sentence greater than the maximum statutory allowance; that reservation was not triggered). The Government seeks to enforce the appeal waiver.

The validity of an appeal waiver is reviewed *de novo*. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). "An appeal waiver bars an appeal if the waiver (1) was knowing and voluntary and (2) applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)). "For a waiver of appeal to be knowing and voluntary, a defendant must know that he had a right to appeal his sentence, that he was giving up that right, and the consequences of giving it up." *Higgins*, 739 F.3d at 736.

At Cappel's rearraignment, the court reviewed the terms of the appeal waiver, and Cappel affirmed he understood. His waiver was knowing and voluntary. *See id*. The waiver applies to the circumstances at hand, given the waiver provision explicitly includes the conditions of supervised release, and this court has deemed supervised release and its conditions to be part of the sentence. *See id*. at 737–38.

Cappel contends the written judgment contains a special condition of supervised release requiring him to take all medication as prescribed by a medical doctor or psychiatrist, yet the court did not pronounce this condition at sentencing. As a result of this conflict, Cappel maintains the written judgment should be amended to remove this special condition or, at minimum, amended to conform to the condition pronounced at sentencing. Our court has held, however, that an appeal waiver bars a challenge to a disparity between

an oral sentence and the subsequent written judgment. *See id.* at 738–39. Cappel's condition-of-supervised-release contention is covered by the appeal waiver and, therefore, is waived for appeal. *See id.*

DISMISSED.