# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40966
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEYONTA MONQUAN JOHNSON, also known as KeKe,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CR-72-3

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, Keyonta Monquan Johnson pleaded guilty to distribution of methamphetamine near a playground, in violation of 21 U.S.C. §§ 841(a)(1), 860(a), stipulating to a sentence of 100 months of imprisonment and eight years of supervised release.  Johnson also waived his right to appeal or collaterally attack his conviction and sentence, but he reserved the right to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal a claim of ineffective assistance of counsel or, if the district court accepted the agreement, a sentence that did not comply with the Rule 11(c)(1)(C) agreement.

On appeal, Johnson argues that the district court (1) abused its discretion by refusing to allow him to withdraw his guilty plea and (2) impermissibly broadened his sentence by imposing conditions of supervised release in the written judgment that were not pronounced orally at the sentencing hearing.  In lieu of filing a brief, the Government filed a motion for summary dismissal, seeking enforcement of the appeal waiver, or, in the alternative, for an extension of time to file its brief.  Johnson erroneously claims that he filed a motion to withdraw his guilty plea.  However, the record clearly indicates that no motion to withdraw the plea was filed; thus, we consider only whether the appellate waiver bars Johnson's challenge to his sentence.

A defendant may waive the statutory right to appeal in a valid plea agreement.  *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). "This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).  In so doing, this court "conduct[s] a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  In this case, the record demonstrates that Johnson knowingly and voluntarily waived his right to appeal and the appellate waiver applies in this circumstance. *See United States v. Higgins*, 739 F.3d 733, 737-39 (5th Cir. 2014); *United States v. Alvarado-Casas*, 715 F.3d 945, 955-56 (5th Cir. 2013).  Despite Johnson's arguments to the contrary, he

has identified no fundamental defect in the proceedings that he reserved the right to challenge.

Accordingly, the Government's motion for summary dismissal is GRANTED, and the appeal is DISMISSED. The Government's alternative motion for an extension of time is DENIED as moot.