# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2014

Lyle W. Cayce
Clerk

No. 12-30818

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

RICHARD A. HIGGINS,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before STEWART, Chief Judge, JOLLY and SMITH, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Richard Higgins pleaded guilty of receipt of child pornography and appeals his sentence. Appeal has been waived, so the appeal is dismissed.

I.

In 1983, Higgins was convicted of crimes against nature and carnal knowledge of a juvenile under Louisiana law for engaging in fellatio and sexual

No. 12-30818

intercourse with his thirteen-year-old step-niece.  In 2009, federal agents discovered, on Higgins's computer, approximately 10,000 images and 2,500 videos depicting the sexual exploitation of children ranging in age from infants to fifteen years.  Higgins pleaded guilty to one count of receipt of materials involving sexual exploitation of minors and was sentenced to fifteen years of imprisonment and five years of supervised release ("SR").

At his rearraignment, Higgins entered into a plea agreement that included a general waiver of the right to appeal his sentence, reserving only the right to appeal "any punishment imposed in excess of the statutory maximum."[1]  Although the district court did not question Higgins specifically regarding the waiver, it asked him about his reading and understanding of the plea agreement; it directed the prosecutor to show Higgins the agreement once again, to which Higgins responded that he had read it.  The court then asked whether there were any provisions that Higgins did not understand, to which Higgins responded "No."[2]

---

[1] "Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory minimum."

[2] "The Court:    Mr. [Prosecutor], would you show Mr. Higgins the plea agreement letter.  I just need you to take a look at this, Mr. Higgins, and let me know if you have seen it before.

The Defendant:    Yeah, I saw it.

The Court:    Is there anything in that document you don't understand?

The Defendant:    No.

The Court:    Does it reflect the agreement you have with the government with respect to these charges?

The Defendant:    Yes.

2

No. 12-30818

Additionally, the plea agreement acknowledged Higgins's Louisiana convictions and that they constitute convictions of "abusive sexual conduct involving a minor or ward" for purposes of 18 U.S.C. § 2252. As a result, the minimum sentence would be fifteen years. The district court specifically questioned Higgins regarding that section of the agreement and its consequences on sentencing.[3] In response, Higgins repeatedly asserted that he did not want out of jail and wished to sign the plea agreement.[4]

At the oral pronouncement, the court added several special conditions of

---

| | |
|---|---|
| The Court: | Is it your signature on the last page? |
| The Defendant: | Yes." |

[3] "The Court: Also, the government would have to prove that you were previously convicted of a crime relating to abusive sexual conduct involving a minor in order for you to receive the enhancement. Do you understand that?

| | |
|---|---|
| The Defendant: | Yes, I guess. |
| The Court: | Do you want to talk to Mr. Montgomery about that for a minute? |

(Discussion between the defendant and his counsel off the record.)

| | |
|---|---|
| The Defendant: | Yes, Your Honor. |
| The Court: | Do you understand that there is—because of the previous conviction, there is an enhancement of the sentence. That's why we had talked about the mandatory minimum that we talked about. I just need to know if you understand that? [sic] |
| The Defendant: | I understand it." |

[4] "The Defendant: Your Honor, I don't want any supervised release. I want to go to jail until I die.

| | |
|---|---|
| The Court: | Okay. |
| The Defendant: | You know, I have talked—that's why I am here pleading guilty. |

. . .

| | |
|---|---|
| The Defendant: | I don't want out of jail. If you gave me five years, you know, hypothetically, you know, what then? I'm 71 years old, I have got to try to figure out what I'm going to do the rest of my life? I don't want out. So if you give me 100 years or life, I will take it, you know. That's the only reason I am signing all these papers, I am guilty, I did what I said that I did and I don't want out." |

3

No. 12-30818

SR, including "the drug abuse treatment and/or testing condition" and "the search and seizure condition." Although the court did not discuss those conditions in detail during oral sentencing, the written pronouncement included additional language requiring Higgins (1) to contribute to the cost of the drug testing[5] and (2) to warn any other residents with whom he lived that they may be subject to search pursuant to his conditions of SR.[6]

On appeal, Higgins argues that the district court erred in finding that his prior convictions constituted "abusive sexual relations with a minor or ward" under § 2252, raising the minimum statutory imprisonment from five to fifteen years. Higgins also maintains that the written pronouncement conflicts with the oral pronouncement by impermissibly broadening the conditions of SR. Additionally, Higgins contends that the appeal waiver is invalid because it was not made knowingly or voluntarily and, alternatively, that it does not apply to his argument regarding the conflict in sentences because that appeal does not concern his "sentence."

## II.

An appeal waiver bars an appeal if the waiver (1) was knowing and voluntary and (2) applies to the circumstances at hand, based on the plain language of the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir.

---

[5] "The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. *The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer.*" (emphasis added).

[6] "The defendant shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; *the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.*" (emphasis added).

No. 12-30818

2005).  Under that test, Higgins has waived appeal.

A.

For a waiver of appeal to be knowing and voluntary, a defendant must know that he had a right to appeal his sentence, that he was giving up that right, and the consequences of giving it up.[7]  We will, however, enforce a waiver on appeal regardless of whether the district court addressed it directly where the record indicates the defendant has read and understood his plea agreement and has raised no questions about the waiver.[8]   The district court specifically asked Higgins whether he had read and understood the plea agreement and whether the signature was his.  Higgins answered affirmatively and asked no questions.  Because Higgins knowingly and voluntarily waived his right to appeal, he is bound by the obligations of the plea agreement.

---

[7] *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994); *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).

[8] *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("Because McKinney indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary."); *Bond*, 414 F.3d at 544 ("Because [the defendant] indicated that he read and understood the agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary."); *Portillo*, 18 F.3d at 292–93 ("We hold [ ] that when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal."); *United States v. Wheaton*, 465 F. App'x 321, 323 (5th Cir.) (per curiam) ("Wheaten's response . . . indicates that he had read the plea agreement. At no time did Wheaten indicate . . . that he did not understand any of the terms set forth in the agreement.  Moreover, Wheaten signed the agreement in which he attested that he had read it and understood its terms."), *cert. denied*, 133 S. Ct. 298 (2012); *cf. Baty*, 980 F.2d at 978–79 (holding that inadequate explanation of waiver-of-appeal provision specifically questioned by defendant rendered the waiver invalid); *United States v. Robinson*, 187 F.3d 516, 518 (5th Cir. 1999) ("It is clear from the plea colloquy that the district court did not ask Robinson whether he had read the written plea agreement and understood it.").

No. 12-30818

B.

First, we must address whether the plain language of the waiver applies to Higgins's appeal regarding the district court's ruling that a fifteen-year mandatory-minimum term of imprisonment applied based on Higgins's prior convictions. In his appeal waiver, Higgins reserved only "the right to appeal any punishment imposed in excess of the statutory maximum." The statutory maximum under the plea agreement—in which Higgins acknowledged a prior conviction under Louisiana law relating to the "abusive sexual conduct involving a minor or ward"—was forty years; the maximum in the absence of such a qualifying conviction was twenty years. 18 U.S.C. § 2252(b)(1). Because Higgins's fifteen-year term is less than both maximum sentences, his claim regarding the fifteen-year mandatory minimum falls within the waiver provision and is waived on appeal.

C.

Next, we address whether the plain language of the waiver applies to Higgins's appeal regarding the conditions of SR.[9]  Higgins argues that the waiver does not apply to his contention that the written judgment conflicts with the oral pronouncement of sentence because the appeal waiver extends only to Higgins's actual "sentence"[10]  and that only the oral pronouncement of sentence should be considered the "sentence" for purposes of the appeal waiver.

---

[9] Although Higgins argues that the government has failed to object to his appeal regarding the conditions of SR on appeal and that, as a result, they have waived the appeal waiver, *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006), we do not agree. The government has adequately invoked the waiver on appeal.

[10] "[T]he defendant hereby expressly waives the right to appeal his *sentence* on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his *sentence* in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255." (emphasis added).

We disagree:  The waiver applies.

Although the waiver provision does not explicitly include the terms of SR, this court—as well as Congress—has deemed SR to be a part of the sentence.[11]  In fact, 18 U.S.C. § 3742—under which Higgins claims appellate jurisdiction—also includes conditions of SR as a part of the sentence.[12]  As a result, the term "sentence" unambiguously includes SR and its conditions as a matter of law.

Higgins further contends, however, that even if conditions of SR were included within the "sentence," only those conditions in the oral pronouncement can be considered his "sentence" for purposes of waiver.  Therefore, his argument continues, any appeal regarding potential discrepancies in the written pronouncement is not an appeal of the sentence but is instead an attempt to bring the judgment in line with the actual, oral sentence.  As his lone support, Higgins quotes *United States v. Shaw*, 920 F.2d 1225, 1231 (5th Cir. 1991):  "[W]here there is any variation between the oral and written pronouncements of sentence, the oral sentence prevails."

This argument is not convincing because *Shaw* concerned the merits of an appeal regarding conflict between oral and written pronouncements of sentence.  *Id.*  Though it is true that the oral pronouncement prevails where a conflict is found, this settled law regarding the merits of the appeal does not

---

[11] *See United States v. Benbrook*, 119 F.3d 338, 341 n.10 (5th Cir. 1997); 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include *as a part of the sentence* a requirement that the defendant be placed on a term of [SR] after imprisonment." (emphasis added)).

[12] "A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the *sentence . . .* is greater than the sentence specified in the applicable guideline range to the extent that *the sentence* includes a greater fine or term of imprisonment, probation, or [SR] than the maximum established in the guideline range, or *includes a more limiting condition of probation or [SR]* under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range."  18 U.S.C. § 3742(a) (emphasis added).

speak to whether a conflict between the two sentences constitutes an appeal of the sentence for purposes of waiver.[13]  In other words, the fact that the oral pronouncement prevails when there is variation does not mean that the written pronouncement is not also the "sentence" for purposes of appeal.

Additionally, the nature of the appeal for conflict between the two sentences suggests that such an appeal *is* an appeal of the sentence.  The very concern that there should be no conflict between the two sentences is largely based on problems endemic to a conflicting sentence and the constitutional issues inherent to a materially different second sentence for which the defendant was not present.[14]  Although when in conflict one necessarily must control —and we have decided that it must be the oral sentence—that does not change the fact that they are both considered the sentence and that they may differ in content if they do not conflict but one merely addresses ambiguities in the other.[15]  Therefore, an appeal regarding a potential conflict between the two sentences is an appeal of a sentence under the appeal waiver.

Because Higgins's challenge to the conditions of SR in the written judgment is an appeal of his sentence under 18 U.S.C. § 3742, it is covered by the waiver of appeal unless it constitutes a "punishment imposed in excess of the statutory maximum" as provided by the appeal waiver.  Although in addressing the statutory maximum in the imprisonment context we need consider only

---

[13] The main reason that the oral pronouncement of sentence prevails over the written in situations of conflict is because the defendant has a constitutional right to be present at sentencing, and defendants are often not present for the written pronouncement. *See United States v. Torres-Aguilar*, 352 F.3d 934, 935–36 (5th Cir. 2003) (per curiam); *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam).

[14] *See Torres-Aguilar*, 352 F.3d at 935–36; *Martinez*, 250 F.3d at 942.

[15] *See United States v. Warden*, 291 F.3d 363, 364–65 (5th Cir. 2002) (holding that differences between two sentences were mere ambiguity consistent with the intent of the court); *Martinez*, 250 F.3d at 942 ("If, however, there is merely an ambiguity between the two sentences, the entire record must be examined to determine the district court's true intent.").

No. 12-30818

the length of time authorized by statute, an appeal regarding the conditions of SR must be reviewed under 18 U.S.C. § 3583. The statutory limitations to conditions of SR under § 3583 are as follows:

> The court may order, as a further condition of supervised release, to the extent that such condition—
>
> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2) (B), (a)(2)(C), and (a)(2)(D);
>
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> (3) is consistent with any pertinent policy statement issues by the Sentencing Commission pursuant to 28 U.S.C. 994(a); any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate.

18 U.S.C. § 3583(d). Because Higgins puts forth no argument that the conflict in sentencing violates these statutory limitations in a way that constitutes a punishment in excess of the statutory maximum, his conditions-of-SR arguments fall within the appeal waiver and are waived on appeal.[16]

Because all of Higgins's arguments on appeal have been waived under his plea agreement, the appeal is DISMISSED.

---

[16] *See United States v. McDaniel*, No. 13-10397, 2013 WL 5960715, at *1 (5th Cir. Nov. 8, 2013) (per curiam) (unpublished) (holding that appeal waiver applied where defendant challenged conditions of SR because of perceived conflict between oral and written pronouncements). Because Higgins does not argue that this conflict is merely a clerical error that should be corrected, there is no need to determine whether the appeal waiver applies to such corrections under Federal Rules of Criminal Procedure 36. *See United States v. Rosales*, 448 Fed. App'x 466, 466−67 (5th Cir. 2011) (per curiam) (remanding for correction of clerical error in written judgment notwithstanding enforceable appeal waiver).