# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10125
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAMUEL QUIROZ VELEZ, also known as Eric,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-121-3

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Samuel Quiroz Velez pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess, with intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 846. In his plea agreement, Quiroz waived his right to appeal or attack collaterally his conviction or sentence, and reserved his right to appeal a sentence only based on: its exceeding the statutory maximum; an arithmetic error at sentencing;

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

*the voluntariness* of his guilty plea or *the waiver*; or ineffective assistance of counsel. The district court varied downwardly from the Sentencing Guidelines advisory sentencing range and sentenced Quiroz to, *inter alia,* 144 months' imprisonment.

Consistent with the above emphasized exception to the appeal waiver, Quiroz contends the waiver is invalid because: he was forced to agree to it in order to obtain a third point for acceptance of responsibility, pursuant to Guideline § 3E1.1; and, therefore, he is not barred from claiming that the court erred in applying a three-level sentencing enhancement under Guideline § 3B1.1(b) (enhancing offense level 3 levels if a "manager or supervisor"), and that his sentence is procedurally and substantively unreasonable. The Government responds by invoking the appeal waiver. Whether an appeal waiver bars an appeal is reviewed *de novo. United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014), *cert. denied,* 135 S. Ct. 1174 (2015).

The plea agreement and Quiroz' statements to the court reflect that he knowingly and voluntarily agreed to waive his right to appeal. *See id.* at 754–56; *United States v. Higgins*, 739 F.3d 733, 736–37 (5th Cir.), *cert. denied,* 134 S. Ct. 2319 (2014). And, no evidence supports his claim that he was required to forgo his right to appeal to obtain a third acceptance point.

AFFIRMED.