# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41611
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR ALEJANDRO PORTILLO-RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-81-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Omar Alejandro Portillo-Ruiz appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. He argues that there is a conflict between the special conditions of supervised release that were imposed during the oral pronouncement of his sentence and those that were imposed by the written judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41611

As part of the plea agreement, Portillo-Ruiz agreed to waive his right to appeal his conviction and sentence except with respect to an imprisonment term that exceeded the statutory maximum and with respect to a claim of ineffective assistance of counsel.  Portillo-Ruiz argues that this appeal of his sentence is not precluded by his appeal waiver because the plea agreement was of no benefit to him and contains illegal provisions.  He contends that the plea agreement is therefore unenforceable.

Portillo-Ruiz did not challenge the validity of the plea agreement in the district court or attempt to withdraw his guilty plea on the ground that the plea agreement lacked consideration.  He cannot establish that the district court plainly erred in accepting the plea agreement as we have never expressly held that consideration is required to support a valid plea agreement.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Smallwood*, 920 F.2d 1231, 1239-40 (5th Cir. 1991).  Moreover, the record demonstrates no reversible plain error with respect to the consideration given by the Government for Portillo-Ruiz's plea agreement.  *See Puckett*, 556 U.S. at 135.  Thus, the appeal waiver in Portillo-Ruiz's plea agreement bars his challenge to any disparity between the oral sentence and the written judgment.  *See United States v. Higgins*, 739 F.3d 733, 738-39 (5th Cir. 2014).  The judgment of the district court is AFFIRMED.  The Government's motion for summary affirmance and its alternative motion for an extension of time to file a brief are DENIED.