# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20171

United States Court of Appeals
Fifth Circuit

**FILED**

June 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO HERRERA-ALVARADO, also known as Alfredo Betron-Alvarado, also known as Javier Aviles-Rebollar, also known as Gustavo Galicia-Alcantra, also known as Kiki, also known as Jose,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-44-3

Before JOLLY, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pedro Herrera-Alvarado appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i) & 846.  He contends that the district court failed to: (1) ensure that he understood the nature of the charge; (2) comply with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20171

Federal Rule of Criminal Procedure 11 at a November 20, 2015 rearraignment, which rendered his guilty plea invalid; and (3) determine that he understood the terms of his appeal waiver.

Herrera-Alvarado's unpreserved challenges are subject to plain error review. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009). First, in compliance with Rule 11(b)(1)(G), the district court confirmed Herrera-Alvarado's understanding of the elements of the offense and the Government's recitation of facts. *See United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001). The court also ensured Herrera-Alvarado's understanding of the plea agreement, which he signed and which contained a factual basis. *See id.* As for Herrera-Alvarado's arguments about the November 2015 rearraignment, that rearraignment was for his brother, a coconspirator. The record does not indicate that Herrera-Alvarado was even present in the courtroom at his brother's rearraignment, and his arguments are unavailing. Finally, in compliance with Rule 11(b)(1)(N), the district court confirmed Herrera-Alvarado's understanding of the terms of his appeal waiver. *See United States v. Higgins*, 739 F.3d 733, 737 (5th Cir. 2014); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Given the lone exception to the appeal waiver for ineffective assistance claims, the district court's characterization of the waiver as "virtually" comprehensive was accurate. *See Higgins*, 739 F.3d at 737; *McKinney*, 406 F.3d at 746.

In light of the valid appeal waiver, Herrera-Alvarado's appeal is **DISMISSED**.