# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20632
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BHAVDIP SANGHAVI, also known as Bobby,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-312-2

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Pursuant to a written plea agreement, Bhavdip Sanghavi pleaded guilty to conspiracy to commit wire fraud. The district court sentenced him to 96 months of imprisonment, three years of supervised release, a $100 mandatory special assessment, and $977,332.80 in restitution.

On appeal, Sanghavi argues that his trial counsel was ineffective for failing to object to the restitution order or argue at sentencing that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restitution should be ordered joint and several.  Because the current record is insufficient to permit our consideration of this issue, we decline to consider this claim without prejudice to Sanghavi's ability to raise it on collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 & n.46 (5th Cir. 2014).

Sanghavi also contends that certain aspects of the special conditions of supervised release set forth in the written judgment should be set aside because they were not included in the oral pronouncement of sentence. Although he acknowledges that his appeal waiver provision potentially bars this challenge, he asks this court to review this claim despite that waiver provision.  The Government asserts that the appeal waiver should be enforced and serves to bar Sanghavi's challenge.  Because our examination of the record reveals that Sanghavi's guilty plea and waiver of his right to appeal were knowingly and voluntarily entered, his waiver of appeal is enforceable.  *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); FED. R. CRIM. P. 11(b)(1)(N).  Accordingly, Sanghavi's appeal waiver bars our consideration of his challenge to the special conditions of supervised release.  *See United States v. Higgins*, 739 F.3d 733, 737-39 (5th Cir. 2014).  Because the only cognizable issue for appeal is barred by enforcement of the appeal waiver, we DISMISS this appeal.

We agree with the parties that the written judgment must be corrected pursuant to Federal Rule of Criminal Procedure 36 because it does not contain the monthly payment schedule for criminal monetary penalties that was set forth in the district court's oral pronouncement.  *See United States v. Pacheco-Alvarado*, 782 F.3d 213, 222-23 (5th Cir. 2015).  Therefore, the case is REMANDED for the limited purpose of correcting that clerical error in the written judgment.