# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50401

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

CASEY LEE JONES,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-6-1

Before SOUTHWICK, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Casey Lee Jones pled guilty to possession with intent to distribute methamphetamine. The plea agreement, which Jones signed, contained the following waiver:

> I waive the right to challenge the sentence imposed, knowing that [t]his sentence has not yet been determined by the Court . . . . In other words, I understand that I cannot challenge the sentence imposed by the District Court . . . . Realizing the uncertainty in estimating what sentence I will ultimately receive, I knowingly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50401

and voluntarily waive the right to appeal the sentence or to contest
it in any post-conviction proceeding in exchange for the concessions
made by the Government in this Agreement, except as otherwise
provided herein.

Despite this unambiguous language, Jones now raises various challenges to the propriety of his sentence. And he argues that the waiver is invalid because the lower court violated Federal Rule of Criminal Procedure 11(b)(1)(N). That Rule requires the court, during a plea colloquy, to "inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." FED R. CRIM. P. 11(b)(1)(N).

Because Jones challenges the validity of the appeal waiver for the first time on appeal, our review is for plain error. *United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013). To establish plain error based on a Rule 11 omission, Jones "must show a reasonable probability that, but for the error, he would not have entered the plea" (among other things). *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Even now, Jones does not assert that he would have changed his plea if the waiver had been called to his attention during rearraignment. The record is equally silent. Defendant has therefore failed to demonstrate plain error.

In any event, this Court will enforce an appeal waiver provision, "regardless of whether the district court addressed it directly[,] where the record indicates the defendant has read and understood his plea agreement and has raised no questions about the waiver." *United States v. Higgins*, 739 F.3d 733, 737 (5th Cir. 2014). In this respect, the record is clear: Before the magistrate judge accepted Jones's plea, Jones confirmed that he had discussed the plea agreement with his attorney, that he agreed to it, and that he signed it. He raised no questions about the waiver during the colloquy. He will

No. 18-50401

therefore "be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994).

The appeal is DISMISSED.