# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2019

Lyle W. Cayce
Clerk

No. 18-11491
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAMAZAKI DEVOND WILSON, also known as Lo,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-373-11

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Lamazaki Devond Wilson pleaded guilty pursuant to a plea agreement to conspiracy to distribute cocaine and was sentenced to 140 months of imprisonment and three years of supervised release. In the plea agreement, Wilson waived his right to appeal his conviction and sentence, but he reserved the right to appeal a sentence exceeding the statutory maximum punishment, an arithmetic error at sentencing, the voluntariness of his guilty plea or the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11491

appeal waiver, and a claim of ineffective assistance of counsel.   Wilson contends his guilty plea and the appeal waiver were not knowing and voluntary because the district court did not fully explain the exceptions to the appeal waiver at rearraignment and that there is a reasonable probability that, but for this omission, he would not have pleaded guilty.

Because Wilson did not object in the district court, review of any violation of Federal Rule of Criminal Procedure 11 is limited to plain error.  *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002).  To show plain error, Wilson must show a clear or obvious error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  An error affects a defendant's substantial rights if there is "a reasonable probability that, but for the error, he would not have entered the plea."  *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  If he makes such a showing, this court has the discretion to correct the error if it affects the fairness, integrity, or public reputation of judicial proceedings.  *Puckett*, 556 U.S. at 135.

Wilson's guilty plea and appeal waiver were knowing and voluntary.  *See United States v. Rivas-Lopez*, 678 F.3d 353, 356-37 (5th Cir. 2012); *see also United States v. Alvarado-Casas*, 715 F.3d 945, 955 (5th Cir. 2013).  The district court confirmed that Wilson read, reviewed with his counsel, and understood the terms of the plea agreement, including the appeal waiver provision, before he signed it; that he had entered into the agreement voluntarily; and that he wanted the court to accept the plea agreement. Further, the district court advised Wilson that he had the right to appeal and that pursuant to the plea agreement, he was giving up his right to appeal except in limited circumstances; Wilson stated that he understood.  Although the district court did not expressly advise him of the exceptions to the appeal waiver, the record established he was aware of the appeal waiver and the

No. 18-11491

exceptions at the time of rearraignment because he acknowledged that he had read, reviewed with counsel, and understood the plea agreement before he signed it.  Moreover, he did not ask any questions or express any confusion concerning the appeal waiver at rearraignment.  Given that he was aware of the appeal waiver and exceptions, Wilson has not established that there is a reasonable probability that, but for the district court's failure to advise him of the exceptions to the appeal waiver or read the appeal waiver verbatim, he would not have entered a guilty plea.  *See Dominguez Benitez*, 542 U.S. at 83. In addition, the waiver of appeal was enforceable because the court confirmed Wilson reviewed the plea agreement, including the appeal waiver, with counsel, understood its terms, and signed it voluntarily.  *See Alvarado-Casas*, 715 F.3d at 955; *United States v. Higgins*, 739 F.3d 733, 736-37 (5th Cir. 2014).

AFFIRMED.