# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-41158
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARNELL DWIGHT SMITH, also known as Slick Rick,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-25-4

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Pursuant to a plea agreement, Darnell Dwight Smith pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, cocaine base, and marijuana. He also waived his right to challenge his conviction and sentence, except that he reserved the right to seek review of a sentence in excess of the statutory maximum and of claims of ineffective assistance of counsel. On appeal, Smith argues that the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred by (1) refusing to allow him to withdraw his guilty plea and (2) imposing special conditions of supervised release in the written judgment that were not pronounced at sentencing.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). Seven factors are considered: (1) whether the defendant asserted innocence; (2) whether withdrawal of the plea would prejudice the Government; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether granting withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether granting withdrawal would waste judicial resources. *Id.* at 343-44. The district court found that each of these factors weighed against Smith, and he has identified no error in the court's reasons for doing so. We accordingly find no abuse of discretion. *See id.* at 344. That Smith disagrees with the *Carr* framework does not alter this result, although we note that our affirmance is without prejudice to his right to raise a claim of ineffective assistance of counsel in a subsequent collateral proceeding. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

With respect to Smith's second claim, the Government has invoked his appeal waiver. This court enforces appeal waivers that are knowing and voluntary and that, by their plain language, apply to the circumstances at hand. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Upon review of the record and the plea agreement, we conclude that both conditions are met here. *See United States v. Higgins,* 739 F.3d 733, 737 (5th Cir. 2014) (holding that a challenge alleging that a written judgment conflicts with the trial court's oral sentencing pronouncement is encompassed by a sentence appeal waiver).

AFFIRMED in part, DISMISSED in part.