# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20550
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ASHVINBHAI CHAUDHARI,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-385-24

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Ashvinbhai Chaudhari pleaded guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and was sentenced to 87 months of imprisonment, followed by a three-year term of supervised release. He was also ordered to pay $8,970,396.15 in restitution. For the first time on appeal, he argues that the district court erred in denying the Government's motion for a downward departure under U.S.S.G. § 5K1.1, p.s., that the within-guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20550

sentence imposed is unreasonable, and that the restitution award is excessive. The Government responds that the arguments are barred by the waiver-of-appeal provision in the written plea agreement.

Review of the record reflects that Chaudhari knew he had a right to appeal and was giving up that right as part of his plea, and thus that his appeal waiver was knowing and voluntary. *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014); *see also* FED. R. CRIM. P. 11(b)(1)(N). Chaudhari now asserts, for the first time, that the waiver should not apply due to the district court's failure at rearraignment to admonish him correctly under Federal Rule of Criminal Procedure 11. We review these arguments for plain error only. *See United States v. Oliver,* 630 F.3d 397, 411 (5th Cir. 2011).

Although Chaudhari complains that he was never informed that the district court could deny the Government's § 5K1.1 motion, Rule 11 does not require such an admonishment. *See* FED. R. CRIM. P. 11(b). His assertion that he was not advised of the nature of the charges to which he was pleading is belied by the record, which shows that the district court advised him of the elements of the charge to which he was pleading guilty and confirmed that Chaudhari understood. *See* FED. R. CRIM. P. 11(b)(1)(G).

To the extent that Chaudhari asserts that the plea agreement and waiver are not binding because the district court did not advise him of its authority to order restitution, the argument is unavailing. Although the district court clearly erred in failing to admonish Chaudhari of its authority to order restitution, *see* FED. R. CRIM. P. 11(b)(1)(K), Chaudhari has not demonstrated a reasonable probability that, but for the error, he would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). The written plea agreement, which Chaudhari confirmed he had read and understood, specifically informed him of the court's authority to order

restitution and further stipulated that Chaudhari would be responsible for a guideline loss amount between $3,500,000 and $9,500,000. Additionally, Chaudhari was advised of the amount of restitution prior to sentencing; the district court announced the amount at sentencing; and Chaudhari raised no objection. Consequently, in view of the entire record, Chaudhari's decision to plead guilty was an informed one, and the Rule 11 omission did not affect his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Dominguez Benitez*, 542 U.S. at 83.

Inasmuch as Chaudhari asserts that the Government is judicially estopped from enforcing the appellate waiver, the argument is meritless even if the doctrine of judicial estoppel applies in criminal cases. *See Zedner v. United States,* 547 U.S. 489, 503-06 (2006). The Government's invocation of the waiver-of-appeal provision is not clearly inconsistent with its having filed a § 5K1.1 motion for a downward departure in the district court. *See Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014).

By its terms, Chaudhari's valid and enforceable waiver bars his claims that the district court erred in denying the § 5K1.1 motion and that his sentence is unreasonable. Accordingly, we DISMISS the appeal IN PART pursuant to the waiver. Because we have addressed the merits of Chaudhari's restitution argument in the course of assessing the waiver's enforceability, we AFFIRM IN PART the judgment of the district court with respect to the restitution order.