# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2021

Lyle W. Cayce
Clerk

No. 19-11362
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

INNOCENT WANGWAMBA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-307-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Innocent Wangwamba pleaded guilty, per a plea agreement with an appeal waiver, of theft of government money. He was sentenced to prison followed by supervised release.

Wangwamba's appointed counsel filed a brief in this appeal, then

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

moved to withdraw his representation and his brief and requested to substitute Wangwamba's *pro se* brief. Because counsel has not shown that there is a conflict of interest or that the interests of justice require relief of counsel, we deny the motion. *See* Fifth Circuit Plan Under the Criminal Justice Act § 5(B); *see also Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996) (noting that a defendant who accepts the assistance of counsel on appeal has no constitutional right to hybrid representation and cannot expect to be allowed to file a supplemental *pro se* brief).

Wangwamba challenges the denial of his motion to withdraw his guilty plea. We review for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). In evaluating the denial of a motion to withdraw a guilty plea, we consider the totality of the circumstances, including the seven factors in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984).

The record supports the denial based on the district court's consideration of the *Carr* factors. Wangwamba's bald assertion of innocence is insufficient to show that the court erred in denying the motion to withdraw the guilty plea. *See United States v. Bond*, 87 F.3d 695, 701 (5th Cir. 1996). Also weighing against Wangwamba is the ten-month delay before he filed his original motion to withdraw his guilty plea, his later withdrawal of that motion, and an additional six-month delay in filing a second motion to withdraw his guilty plea (which he also sought to withdraw). *See, e.g., United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) (finding a six-week delay "significant").

Wangwamba also received close assistance of counsel, and his guilty plea and plea waiver were knowing and voluntary. *See McKnight*, 570 F.3d at 646–48; *Carr*, 740 F.2d at 345. And finally, the district court was in the "best position to know the effect that the withdrawal [would have] on its resources." *Carr*, 740 F.2d at 345. Accordingly, Wangwamba has failed to

demonstrate that the district court abused its discretion in denying the motion to withdraw his guilty plea.

Wangwamba challenges a special condition of supervised release that was included in the written judgment but not pronounced at sentencing. He and the government agree that the appeal waiver applies to this issue, *see United States v. Higgins*, 739 F.3d 733, 737–39 (5th Cir. 2014), but he raises the claim to preserve it for future appellate review. We agree that the waiver applies and that the claim is foreclosed. *Id.*

The judgment is AFFIRMED, and the motion to withdraw is DENIED.