# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2022

Lyle W. Cayce
Clerk

No. 21-50493
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Mario Garcia-Correa,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-120-3

Before Davis, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Mario Garcia-Correa appeals his conviction for conspiracy to possess with intent to distribute at least 500 grams of methamphetamine. He argues that the magistrate judge's failure during the rearraignment to (1) personally explain the exceptions to the plea agreement's appeal waiver and (2) inform

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50493

him of the right to "appointed" counsel at all stages of the proceedings violated Federal Rule of Criminal Procedure 11 and rendered his guilty plea unknowing and involuntary. He further argues that but for the court's alleged Rule 11 errors, he would have proceeded to trial.

Garcia-Correa concedes that he did not object on these bases below and, therefore, that review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. To establish that his substantial rights were affected by a Rule 11 error, Garcia-Correa must show that there is a reasonable probability that but for the error, he would not have pleaded guilty. *See United States v. Alvarado-Casas*, 715 F.3d 945, 953-54 (5th Cir. 2013).

For a waiver of appeal to be knowing and voluntary, a defendant must know that he had a right to appeal his sentence, that he was giving up that right, and the consequences of giving it up. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Rule 11(b)(1)(N) provides that the district court must instruct the defendant during the plea colloquy regarding the terms of any plea-agreement provision waiving the right to appeal or collaterally attack the sentence. During the rearraignment, Garcia-Correa acknowledged under oath that the plea agreement was read and interpreted for him prior to his signing the document; he accepted and approved of the agreement; he acknowledged he had the opportunity to review each paragraph in the agreement with his counsel; and he had no questions. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). This record evidence is sufficient to establish that the appeal waiver was both knowing and voluntary. *See United States v. Higgins*, 739 F.3d 733, 736-37 (5th Cir. 2014); *United States v. McKinney*, 406

F.3d 744, 746 (5th Cir. 2005). Garcia-Correa therefore has not demonstrated a clear or obvious Rule 11(b)(1)(N) error. *See Puckett*, 556 U.S. at 135.

Citing this court's decision in *United States v. Mason*, 668 F.3d 203, (5th Cir.), *withdrawn and superseded by United States v. Mason*, 480 F. App'x 329 (5th Cir. 2012), Garcia-Correa further argues that in contravention of Rule 11(b)(1)(D), the magistrate judge failed to advise him that he had the right to representation of "appointed" counsel at each stage of the criminal proceeding. Garcia-Correa alleges in a conclusional fashion only that his choice to plead guilty was influenced by an erroneous belief that going to trial would require him to retain counsel.

Garcia-Correa, however, was appointed trial and appellate counsel on account of his pauper status. He furthermore acknowledged under oath that he was voluntarily pleading guilty because he was in fact guilty and that he was satisfied with appointed counsel's representation. *See Mason*, 480 F. App'x at 334. His assertion that he would have otherwise proceeded to trial is belied by his signed stipulation in the plea agreement that he "voluntarily, intelligently and knowingly agree[d] . . . that, had the matter proceeded to trial, the United States would have proven [the factual basis] beyond a reasonable doubt." Therefore, he cannot show that any alleged error in this respect affected his substantial rights. *See Alvarado-Casas*, 715 F.3d at 953-54.

AFFIRMED.