# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-40451
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Walter Herrera,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-285-46

———————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Walter Herrera pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute fentanyl. The plea agreement contained an appeal waiver in which he waived his right to appeal, with the exception of the right to appeal a punishment above the statutory

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

maximum and the right to raise a claim of ineffective assistance of counsel. He was sentenced to 168 months in prison.

On appeal, Herrera asserts that the district court erroneously applied a two-level adjustment under U.S.S.G. § 2D1.1(b)(1). The Government moves to dismiss the appeal on the basis that the appeal waiver is valid and enforceable.

We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). A defendant may waive his right to appeal if the waiver is (1) knowing and voluntary and (2) applies to the circumstances at hand, based on the plain language of the plea agreement. *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014).

The record establishes that Herrera knew that he had a right to appeal, was aware that he was relinquishing that right pursuant to the appeal waiver, and appreciated the consequences of giving up that right. Herrera therefore knowingly and voluntarily waived his right to appeal. *See id*.

Further, the plain language of the appeal waiver applies to his appeal. *See id*. His sentence does not exceed the statutory maximum prison term for the offense of conviction, *see* 21 U.S.C. § 841(b)(1)(A), and he has not raised a claim of ineffective assistance of counsel. He is not otherwise released from the appeal waiver due to a breach of the plea agreement by the Government. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).

Herrera has not shown that the waiver should not apply. His supposed failure to anticipate the alleged sentencing error does not provide a basis for us to refuse to enforce the waiver. *See United States v. Barnes*, 953 F.3d 383, 388 (5th Cir. 2020). Moreover, we have not adopted a miscarriage-of-justice exception for appeal waivers, *see id*. at 389, and we decline to do so here.

No. 24-40451

Thus, the appeal waiver bars this appeal. *See Higgins*, 739 F.3d at 736-37. The motion to dismiss is GRANTED, and the appeal is DISMISSED.