# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-50207
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Paul Abraham Rendon,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-1104-1

———————————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Paul Abraham Rendon pleaded guilty, pursuant to a written plea agreement, to the importation of 500 grams or more of methamphetamine. Rendon's plea agreement contained an appeal waiver provision in which he waived his right to appeal the sentence on any ground, including any challenge to the term of supervision and its conditions. The district court

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentenced him to 156 months of imprisonment and five years of supervised release.

On appeal, Rendon argues that the written judgment conflicts with the district court's oral pronouncement of his sentence and, thus, it must be conformed to the latter. The Government invokes Rendon's appeal waiver and argues that the appeal should be dismissed.

We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). A defendant may waive his statutory right to appeal if the waiver (1) is knowingly and voluntarily entered and (2) applies to the circumstances at hand, based on the plain language of the plea agreement. *United States v. Higgins*, 739 F.3d 733, 737-39 (5th Cir. 2014).

Rendon does not argue that his appeal waiver was unknowing or involuntary. Instead, he argues that the terms of the waiver do not cover the issue raised on appeal because the oral pronouncement is the "sentence" he waived his right to challenge. Rendon acknowledges that *Higgins* forecloses his argument about the applicability of the appeal waiver, but he raises the issue to preserve it for possible further review in light of a circuit split.

We have held that an appeal regarding a potential conflict between the written judgment and the oral pronouncement of sentence is an appeal of the "sentence" for purposes of an appeal waiver. *Higgins*, 739 F.3d at 738-39. Rendon is therefore correct that his argument is foreclosed by our precedent. *See id.* The existence of a circuit split does not alter the binding nature of that precedent. *See United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006).

Because the appeal waiver bars Rendon's sole argument on appeal, the appeal is DISMISSED.