# United States Court of Appeals for the Fifth Circuit

No. 24-60079
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Eddie Joseph Brown, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:22-CR-90-3

_____

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:*

Eddie Joseph Brown, Jr. appeals the 188-month sentence imposed following his guilty plea conviction for possession with intent to distribute a mixture or substance containing a detectable amount of heroin. He raises a number of sentencing issues on appeal. The Government now moves to enforce the appeal waiver in Brown's plea agreement.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60079

We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). A defendant may waive his right to appeal if the waiver is knowing and voluntary. *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014). For a waiver to be knowing and voluntary, the defendant must know that he had a right to appeal, understand that he was relinquishing that right, and be aware of the consequences of giving up that right. *Id.* If the waiver is knowing and voluntary, we then consider whether the terms of the appeal waiver apply to the circumstances at hand, based upon the plain language of the plea agreement. *Id.*

Here, the plea agreement included a clear, unambiguous waiver of the right to appeal Brown's conviction or sentence on any ground whatsoever, except that he reserved the right to raise an ineffective assistance of counsel claim. Brown and his counsel signed the plea agreement. At rearraignment, Brown confirmed that he had read and discussed the plea agreement and plea supplement, including the appeal waiver, with his counsel and understood the terms of those agreements. He also confirmed that he knowingly and voluntarily agreed to the waiver. He did not ask any questions or express any confusion concerning the appeal waiver. Brown's "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted). The appeal waiver applies to Brown's sentencing claims, as the only exception was for ineffective assistance claims. *See Higgins*, 739 F.3d at 736. Therefore, Brown's sentencing claims are barred by his knowing and voluntary appeal waiver. *See id.* at 736-37.

APPEAL DISMISSED; MOTION TO DISMISS APPEAL GRANTED; MOTION FOR SUMMARY AFFIRMANCE DENIED.