# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-20471
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Eddie Gurrola,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-349-1

_____

Before King, Stewart, and Ho, *Circuit Judges*.

Per Curiam:*

Eddie Gurrola, pursuant to a plea agreement with an appeal-waiver provision, pleaded guilty to distributing methamphetamine, cocaine, and fentanyl, to possession of a machinegun, and to being a felon in possession of a firearm. He challenges the district court's imposition of a 30-year prison

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

term, which was an upward variance from his sentencing guidelines range of 188-235 months.

The record—the plain language of the appeal-waiver provision, Gurrola's and his attorney's averments in an addendum to the plea agreement stating that they went over and that he understood all of the agreement's provisions, Gurrola's responses at his plea hearing that he read and understood the plea agreement, and the discussion about the appeal-waiver at the plea hearing—shows that Gurrola knowingly and voluntarily agreed to the appeal-waiver provision and that the provision applies to his appellate challenges to his sentence. *United States v. Kim*, 988 F.3d 803, 808 (5th Cir. 2021); *United States v. Higgins*, 739 F.3d 733, 736-37 (5th Cir. 2014).

Additionally, although this court has not determined whether a miscarriage-of-justice exception applies to appeal waivers, Gurrola's reasons for applying the exception, which rely mainly on an allegation unsupported by the record that the district court predetermined his prison term before the sentencing hearing, do not support application of such an exception.

Accordingly, Gurrola's sentence is AFFIRMED.