# United States Court of Appeals for the Fifth Circuit

———————

No. 24-20370
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dawnta Mitchell,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-303-3

———————————————————————

Before Haynes, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Dawnta Mitchell pleaded guilty, pursuant to a written plea agreement, to a single count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. The plea agreement had an appeal waiver in which he waived his right to appeal his conviction and sentence, with the sole

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

exception of the right to raise a claim of ineffective assistance of counsel. He was sentenced to 121 months in prison.

On appeal, Mitchell challenges the two-level enhancement that he was assessed pursuant to U.S.S.G. § 2D1.1(b)(1). Relying on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), he asserts that § 2D1.1(b)(1) is unconstitutional under the Second Amendment. The Government argues that this appeal is barred by the valid and enforceable appeal waiver provision in Mitchell's plea agreement and should be dismissed. In the alternative, the Government contends that Mitchell's claim lacks merit.

The record supports that Mitchell knowingly and voluntarily waived his right to appeal and that the plain language of the appeal waiver applies to his instant arguments. *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014). The enforceability and validity of the waiver was not affected by the district court's comment at sentencing that Mitchell preserved his claim that § 2D1.1(b)(1) was unconstitutional in light of *Bruen*. *See United States v. Gonzalez*, 259 F.3d 355, 358 (5th Cir. 2001); *United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992).

Thus, the appeal waiver bars this appeal. *See Higgins*, 739 F.3d at 736. The appeal is DISMISSED.