# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-60072
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 18, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Marquette Cornell McCroy,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CR-45-1

_____

Before Elrod, *Chief Judge*, and Higginson and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Marquette Cornell McCroy appeals the sentence of 60 months of imprisonment and three years of supervised release imposed following his guilty plea conviction for possession of a firearm by a convicted felon, arguing that the district court erred in applying a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2), based on its determination that he had a prior

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conviction for a crime of violence. The Government moves to enforce the appeal waiver in McCroy's plea agreement.

We review *de novo* whether an appeal waiver bars an appeal. *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019). To do so, we conduct a two-step inquiry, first examining "whether the waiver was knowing and voluntary," and then considering "whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *Id.* A waiver is knowing and voluntary if the defendant knew that he had a right to appeal his sentence and that he was giving up that right. *Id.*

The record establishes that McCroy knowingly and voluntarily waived his right to appeal. *See id.* at 348-50. The plea agreement, which is signed by McCroy and his counsel, includes a clear, unambiguous waiver of the right to appeal McCroy's conviction and sentence on any ground whatsoever, with the exception of ineffective-assistance-of-counsel claims. At rearraignment, McCroy confirmed that he had read and discussed the plea agreement and plea supplement with his counsel and understood the terms of those agreements. After the Government summarized the appeal-waiver provision, McCroy confirmed that he understood and agreed to the appeal waiver. He did not ask any questions or express any confusion concerning the appeal waiver. McCroy's "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted). Because McCroy's sentencing claim does not fall within the exception to the appeal waiver, it is barred by his knowing and voluntary appeal waiver. *See United States v. Higgins*, 739 F.3d 733, 736-37 (5th Cir. 2014).

APPEAL DISMISSED; MOTION TO DISMISS APPEAL GRANTED; MOTION FOR SUMMARY AFFIRMANCE DENIED.