# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2026

Lyle W. Cayce
Clerk

No. 24-10949

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Omar Munoz-Cornelio,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-159-1

_____

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Omar Munoz-Cornelio was sentenced to a term of imprisonment and a subsequent period of supervised release.  On appeal, he challenges some of the conditions of supervised release on the basis that they were not orally pronounced at his sentencing hearing.

We do not address that argument because, as part of his guilty plea, Munoz-Cornelio signed an appeal waiver.  The waiver included relinquishing

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10949

his right "to appeal [his] sentence." An appeal waiver applies to an argument that the district court's oral pronouncement did not include some of the conditions of supervised release, though there is an exception if any of those unpronounced conditions amounts to a "punishment imposed in excess of the statutory maximum." *United States v. Higgins*, 739 F.3d 733, 738–39 (5th Cir. 2014). There is no argument that the exception applies in this case.[1]

The appeal is DISMISSED.

---

[1] Munoz–Cornelio does not address the appeal waiver in his brief on appeal. Thus, we do not consider if one of our precedents, *United States v. Diggles*, 957 F.3d 551 (5th Cir. 2020) (*en banc*), modified *Higgins* on this question.