# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-60236
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 19, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Carrnell Denman,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CR-10-1

_____

Before Jolly, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Carrnell Denman pleaded guilty, pursuant to a plea agreement, to one count of possession with intent to distribute 50 grams or more of methamphetamine. As part of his plea agreement, Denman waived his right to appeal and collateral review, except that he reserved the right to bring claims of ineffective assistance of counsel. The district court denied his

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60236

motion to proceed in forma pauperis (IFP) and certified that the appeal was not taken in good faith.

Denman argues that his appeal waiver is not enforceable because it is unconstitutional, basing his argument on a concurring opinion: *United States v. Melancon*, 972 F.2d 566, 570-80 (5th Cir. 1992) (Parker, J., concurring). He contends that the district court erred in calculating his advisory guidelines range. He additionally moves this court for authorization to proceed IFP. The Government has filed a motion to dismiss based on the appeal waiver, or, in the alternative, for summary affirmance. In opposing the motion to dismiss, Denman argues that the waiver is unenforceable because of ineffective assistance of counsel.

We will grant authorization to proceed IFP on appeal if the litigant demonstrates that he is a pauper and that his appeal is taken in good faith, i.e., that a nonfrivolous issue exists for appeal. § 1915(a); *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). Because his arguments on appeal fall within the scope of the appeal waiver, whether Denman has presented a nonfrivolous issue for appeal depends on the enforceability of his appeal waiver. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

We have held that appellate rights may be waived as part of a valid plea agreement. *United States v. Keele*, 755 F.3d 752, 756 (5th Cir. 2014); *see also Bond*, 414 F.3d at 544; *Melancon*, 972 F.2d at 567 (majority opinion). Because Denman's appeal was knowing and voluntary and applies to the circumstances at hand, it is enforceable and forecloses his argument regarding the guidelines calculation. *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014); *accord Bond*, 414 F.3d at 544.

In his plea agreement, Denman did reserve the right to bring a claim of ineffective assistance of counsel. The record, however, is not sufficiently developed to allow the court to make a fair evaluation of the claims of

No. 22-60236

ineffective assistance of counsel raised in response to the Government's motion to dismiss. We decline to consider the claims without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

For these reasons, the Government's motion to dismiss is GRANTED, and this appeal is DISMISSED. *See United States v. Story*, 439 F.3d 226, 230 n.5 (5th Cir. 2006). The Government's alternative motion for summary affirmance and Denman's IFP motion are DENIED.