# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2024

Lyle W. Cayce

Clerk

———————

No. 23-20548
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN NASARIO MEZOMO,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-178-2

———————————————————————

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:*

Juan Nasario Mezomo pled guilty to possessing with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He was sentenced above the applicable guidelines range to 96 months of imprisonment, followed by a five-year term of supervised release. As part of his plea agreement, he waived his right to appeal or

———————————————

\* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

collaterally challenge his conviction or sentence except to assert claims of ineffective assistance of counsel.

Mezomo argues that the district court's above-guidelines sentence was unreasonable. The Government counters that Mezomo knowingly and voluntarily waived his right to appeal, that the appeal waiver is valid and enforceable, and that the claim should be dismissed.

"This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). A defendant may waive his statutory right to appeal if the waiver (1) is knowingly and voluntarily entered and (2) applies to the circumstances at hand, based on the plain language of the plea agreement. *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014).

The record demonstrates that Mezomo's waiver of his appellate rights was knowing and voluntary, and therefore, the appeal waiver is valid and enforceable. *See id.* at 736-37; *see also United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Further, the record indicates that the appeal waiver "applies to the circumstances at hand, based on the plain language of the [plea] agreement." *Higgins*, 739 F.3d at 736. Though Mezomo reserved the right to raise a claim of ineffective assistance, he is raising a sentencing issue that does not fall within the exception to the appeal waiver. Consequently, his sentencing challenge is barred.

Next, Mezomo argues, for the first time on appeal, that the district court erred in imposing a mandatory condition of supervised release requiring him to register as a sex offender, urging that he has no obligation to register as a sex offender under state or federal law. The Government does not seek enforcement of the appellate waiver as to this issue, concedes the error, and requests that the case be remanded for the limited purpose of excising the sex-offender registration requirement from the judgment.

No. 23-20548

As Mezomo acknowledges, because he did not object to the challenged supervised release condition, which was listed in the Appendix to the Presentence Report and adopted at sentencing, his appellate challenge is subject to plain error review. *See United States v. Diggles*, 957 F.3d 551, 559–60 (5th Cir. 2020) (en banc). To establish plain error, he must show an error that was clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Because Mezomo had no legal obligation to register as a sex offender based on his 1998 juvenile conviction for indecency with a child, sexual contact, at the time he was sentenced in the instant case in 2023, the mandatory supervised release condition requiring him to register as a sex offender amounts to clear or obvious error that affects his substantial rights. *See* Tex. Penal Code § 21.11(a)(1); Tex. Code Crim. Proc. art. 62.051; Tex. Code Crim. Proc. art. 62.001(5)(A); Tex. Code Crim. Proc. art. 62.101(c)(1); 34 U.S.C. §§ 20911, 20915(a)(1); *see also United States v. Alvarez*, 880 F.3d 236, 241 (5th Cir. 2018). Additionally, because the error affects the fairness, integrity, or public reputation of judicial proceedings, we will exercise our discretion to correct it. *See Alvarez*, 880 F.3d at 242. The mandatory condition of supervised release requiring Mezomo to register as a sex offender should be excised from the judgment.

Mezomo's challenge to the reasonableness of his sentence is DISMISSED as barred by his appeal waiver. As to the contested supervised release condition, his sentence is VACATED in part and REMANDED for the limited purpose of amending the written judgment in accordance with this opinion.