# United States Court of Appeals for the Fifth Circuit

---

No. 24-50548
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ZENIA CHAVEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-1489-2

---

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Zenia Chavez appeals following her guilty plea conviction and sentence for conspiracy to commit healthcare fraud. She contends that the district court erred by failing to sufficiently orally pronounce or explain its reasons for imposing the standard conditions of supervised release and the intermittent confinement condition included in her written judgment. She

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

argues that the appeal waiver in her written plea agreement does not bar this claim because it constitutes an argument that her sentence exceeded the statutory maximum.

"This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). A defendant may waive her statutory right to appeal if the waiver (1) is knowingly and voluntarily entered and (2) applies to the circumstances at hand, based on the plain language of the plea agreement. *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014).

Despite Chavez's contention that her challenge to her sentence fits within an exception to the appeal waiver, *cf. United States v. Kim*, 988 F.3d 803, 811 (5th Cir. 2021), she does not actually contend that the supervised release conditions violate statutory limitations "in a way that constitutes a punishment in excess of the statutory maximum," *Higgins*, 739 F.3d at 739. Moreover, contrary to Chavez's argument, this court's opinion in *United States v. Diggles*, 957 F.3d 551 (5th Cir. 2020) (en banc), is not irreconcilable with, and thus did not overrule, prior precedent regarding the application of appeal waivers to challenges to the pronouncement of supervised release conditions. *See United States v. Vega*, 960 F.3d 669, 675 (5th Cir. 2020). Because Chavez's appeal waiver, which the Government invokes, bars her only challenge to her sentence, her appeal is DISMISSED. *See Higgins*, 739 F.3d at 736, 739; *United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006).